JOSÉ GARCÍA GÓMEZ, Plaintiff and Appellant, *v.* R. CACHO & Co., Defendant and Appellee.

No. 6112.   Argued June 1, 1933.—Decided June 23, 1933.

*V. Polanco de Jesús* for appellant.   *S. O'Neill* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

In an action for damages arising out of the wrongful attachment of a quantity of rice and sugar, the district judge overruled a motion for nonsuit and defendant offered no evidence.   Plaintiff appeals from an adverse judgment rendered three days later.   It may be conceded that most if not all of the damages alleged were either too remote or were not established in such a way as to furnish a satisfactory basis for the recovery of anything more than a nominal amount.

We cannot agree with the district judge that defendant was justified in attaching the property in question.   It may be true that the testimony of the marshal who made the levy was influenced by a desire to avoid responsibility for the wrongful levy and to fasten such responsibility on defendant herein, plaintiff in the original action.   The case, however,

does not depend entirely upon the testimony of the marshal. He is corroborated in the main, not only by the uncontradicted testimony of plaintiff herein, but by certain undisputed facts disclosed by documentary evidence. When defendant herein designated the property to be attached in the original action, it stated in writing on information and belief that the defendants in that action had sold the said property to José García. When García was permitted to intervene in the original action as a claimant of the attached property, defendant herein, answering the complaint in intervention, alleged that, prior to the commencement of the original action, it had informed García that Cruz Matos (one of the defendants in that action) was indebted to them and had told him (García) that if he bought the business he should assume that indebtedness. The sale by Cruz Matos to García was made in writing. The document was signed by the parties thereto and witnesses in the presence of a notary and the purchase price was paid in cash in the presence of the said notary and witnesses. This document was exhibited by García and examined by the marshal and by a member of the defendant firm who nevertheless insisted that the marshal should proceed with the levy. Defendant, then, was aware of the impending sale before it was consummated and had been informed of its consummation before obtaining the writ of attachment, and before giving written instructions to the marshal. It might have ascertained all of the facts and removed all possible doubt at any time during the ten or twelve days that elapsed between the date of the transfer and the date of the levy. It was confronted at the time of the levy with the written evidence of the transfer, of the terms thereof, and of the manner in which it had been effected. García, at the time of the levy, also exhibited his receipt for money paid to the municipality for a license to carry on the business. The license to sell cigars and cigarettes was still in the name of the former owner of the busi-

ness, but the cigars and cigarettes were not attached. There was no excuse or justification for proceeding with the levy in the face of these facts.

The judgment appealed from must be reversed and in lieu thereof the judgment of this court will be entered for plaintiff in the sum of $5.00, and costs.